# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF WINIFRED KLEE, KELLY KLEE-MEDICI, Administratrix, and KELLY KLEE-MEDICI and KIMBERLY KLEE-RODRIGUES, as Individual Heirs to the Estate of Winifred Klee, | CIVIL ACTION NO. 3:18-1961 (JUDGE MANNION) |
| **Plaintiffs** | |
| v. | |
| THE CITY OF SCRANTON and PATRICK HINTON, | |
| **Defendants** | |

## MEMORANDUM

Pending before the court is the defendants' motion to dismiss the plaintiffs' complaint. (Doc. 7). Upon review, the defendants' motion will be granted in part and denied in part as discussed below.

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim

to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l

Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

The instant action arises from the demolition of real property located at Rear 823 Moosic Street in Scranton, Lackawanna County, Pennsylvania, by the City of Scranton. On May 4, 2011, the property was condemned by the City of Scranton and notice of the condemnation was both provided to the property owner and posted on the property.[1] On May 2, 2016, notice of the demolition

---

[1] The court notes that this fact is included, not in the plaintiffs' complaint, but in the defendants' brief in support of their motion to dismiss the complaint. However, in their opposing brief, the plaintiffs "accept the statement of facts as set forth in Defendant's motion and brief." (Doc. 15-1, p. 1). (As the plaintiffs have failed to paginate their filings, the pages referenced are those of the CM-ECF filing system.) Therefore, the allegations of the plaintiffs' complaint are supplemented by the facts set forth in the defendants'
(continued...)

of the property was provided to the owner and posted on the property. Winifred Klee, the property owner, died on October 11, 2017. The property was later demolished in or about July of 2018.[2]

The plaintiffs' complaint alleges that, after the death of Winifred Klee, they became the equitable owners of the property and they took the appropriate actions to file the estate of Winifred Klee with the Lackawanna County Register of Wills and likewise advertised the estate giving notice to any parties with claims against the estate and of the estate's and heir's equitable interest in the estate. Irrespective of the estate being filed and public advertisement of the estate, the plaintiffs allege the City of Scranton demolished the property without notifying them or counsel for the estate and without providing the plaintiffs with the opportunity to exercise their due process rights. In so doing, the plaintiffs allege that the defendants entered on the property without probable cause; entered on the property without notice, consent, or the benefit of a search warrant and authorized contractors, agents and servants to enter on the property without having given the plaintiffs

---

[1](...continued)
supporting brief which are admitted by the plaintiffs.

[2]There is a factual dispute as to the date of demolition with the plaintiffs indicating that it occurred in July of 2018 and the defendants indicating that it occurred on June 22, 2018. The court accepts the allegations of the plaintiff's complaint as true for purposes of the instant motion. However, at this point, the date of demolition is immaterial.

an opportunity exercise their due process rights; demolished the premises without probable cause or jurisdiction over the equitable owners; established a lien against the remainder of the property and against the equitable owners without probable cause or jurisdiction; demolished the premises without notice to the plaintiffs so as to allow for the exercise of their due process rights; demolished the property without performing a title search or investigating the public records as required by Keller v. The City of Scranton, as well as City policy as established after Keller; and demolished the property while being on notice of the equitable ownership of the estate and heirs of Winifred Klee.

      The plaintiffs allege that the defendants acted pursuant to a specific design, plan and policy to substitute the criteria of the Keller requirements, ordinances, policies and code of the defendant with the discretion, criteria and will of the defendants and the arbitrary investigation, inspection, adjudication and demolition of the premises in violation of the plaintiffs' due process rights. The plaintiffs further allege that the actions of the defendants were done pursuant to and consistent with a pattern and practice of the defendants and were done as a result of the lack of training and expertise of the defendants. According to the plaintiffs, the actions of the defendants were reckless, intentional and done with indifference to the plaintiffs' rights to the property and the right to be free from interference and from arbitrary, capricious, irrational inspections, seizure and demolition of their property and due process

rights.

As a result of the defendants' actions, the plaintiffs allege that they were deprived of the value of the property, potential right to income from the property, embarrassment, humiliation and emotional distress. The plaintiffs are seeking compensatory and punitive damages.[3]

In their pending motion, the defendants initially argue that the plaintiffs' Fourth Amendment claim should be dismissed because the plaintiffs have failed to provide sufficient factual allegations to indicate that any search and/or seizure of the property was unreasonable. In response, after setting forth the law applicable to Fourth Amendment claims, the plaintiffs argue,

> For the Purposes of the Motion at hand, Plaintiffs submit that the cause of action is a viable cause of action and dismissal should be denied.

(Doc. 15-1, p.6). However, the plaintiffs' response goes on to provide,

> The Fourth Amendment secures against "arbitrary invasions by governmental officials." Camara, 387 U.S. at 528. **Far from acting arbitrarily in this case, the City followed the published procedures set forth in its City Property Maintenance Code and acted reasonably under the circumstances. The seizure of the structure did not run afoul of the Fourth Amendment. Therefore, the Defendant has clearly pointed to an absence of genuine issue of material fact as to Plaintiff's §1983 claim grounded in the Fourth Amendment. Id.**

(Id.) (emphasis added). Thus, although the plaintiffs argue in a conclusory

---

[3]Despite titling their pleading as a "Complaint in Declaratory Relief," the plaintiffs do not request any declaratory relief.

manner at one point in their brief that their Fourth Amendment claim should be allowed to proceed, they then inexplicably concede that the defendants acted reasonably in their seizure of the property.[4] Because of the inconsistency of the plaintiffs' brief, it is unclear exactly what position they are taking on this claim. Regardless, allegations strikingly similar to those set forth by the plaintiffs in this case have been found to be sufficient to support a Fourth Amendment claim for purposes of a motion to dismiss. See Keller v. City of Scranton, 2010 WL 2104665, *2 (M.D.Pa. May 24, 2010) ("Keller I"). As such, at this point in the proceedings, the court will allow the plaintiffs to proceed with their Fourth Amendment claim and the defendant's motion to dismiss on this basis will be denied.

As to the plaintiffs' procedural due process claim under the Fourteenth Amendment claim, the defendants argue that notice of the demolition was constitutionally effective to the owner of the property in that notice of the demolition was sent by both regular and certified mail to the address provided by the owner to Lackawanna County for the payment of property taxes. In addition, the defendants provide that notice was conspicuously posted on the

---

[4]The court notes that, in addition to this inconsistency, the plaintiffs' opposing brief has a number of other inconsistencies, errors and otherwise unexplainable statements making the court believe that the plaintiffs are pulling language from other sources and not tailoring their arguments to the specific facts of this case. The plaintiffs are cautioned for future reference to carefully screen their filings before submitting them to the court.

7

property.

In Pivirotto v. City of Pittsburgh, 528 A.2d 125 (Pa. 1987), the defendant-city condemned and demolished a property after the plaintiff had purchased it at a tax sale. The defendant did not provide the plaintiff actual notice of the demolition. In Pivirotto, the court stated that those responsible for condemnation and demolition had ready access to the fact that the property was the subject of a tax sale and that city officials should expect that properties with housing code violations might also be subject to tax sales due to delinquency and that persons in addition to the owners indicated in the deed registry might have ownership interest in the properties. The Pivirotto court held,

> It is not unreasonable to expect the bureau to ascertain whether properties have been sold, and then to make contact with the city treasurer's office to ascertain the identity of the purchaser at the tax sale. Failing this, the city is liable to purchasers at tax sales when properties sold by the city are demolished without actual notice to the purchaser.

Pivirotto, 528 A.2d at 129.

In Keller v. City of Scranton, 2013 WL 1681 524 (M.D.Pa. Apr. 17, 2013) ("Keller II"), the court noted that, although Pivirotto was an action for negligent demolition, which is not a constitutional issue, because the plaintiff had not received actual notice of the demolition, he was deprived of an opportunity to cure the housing defects to prevent the property's demolition. Further, the

8

Keller II court noted the court's observation in Pivirotto that "[a]lthough the matter *sub judice* involves a condemnation notice and not a tax sale notice, both situations involve governmental taking of private property and the same safeguards apply." Pivirotto, 528 A.2d at 129. The court in Keller II assumed under Pivirotto's general holding that there was a requirement for the defendants to have checked the publicly available records to determine whether there had been any intervening ownership changes given the time gap between the time the property was scheduled for demolition and the time of its actual demolition and urged the defendants and the City of Scranton to "abide by the strictures of Pivirotto when sending notices of condemnation and demolition and avail themselves of the publicly accessible records to locate persons with ownership interests in properties."

In this case, the defendants argue that notice of the demolition was sent by both regular and certified mail on May 2, 2016, to the address provided by the owner to Lackawanna County for payment of property taxes and was posted on the property. However, the actual demolition did not take place until either June or July of 2018. Under Pivirotto and the admonition in Keller II, because of the time gap between the original notice and the actual demolition, the defendants should have attempted to search publicly accessible records to determine whether there was a change in ownership interest in the property. Moreover, although the defendants argue that Pivirotto is distinguishable

9

because the case did not analyze the law as it relates to the Constitution, but rather involved a matter of state law, as discussed earlier, regardless, the circumstances in Pivirotto, Keller and the instant matter all involved governmental taking of private property and the same safeguards apply. Keller II, 2013 WL 1681524 (citing Pivirotto, 528 A.2d at 129). Further, the defendants' argument that the current matter presents a change in ownership due to death rather than a tax sale is of no moment, as the fact is that the ownership changed hands in the intervening two year period between the original notice of demolition and the actual demolition. For all these reasons, the defendants' motion to dismiss the plaintiffs' Fourteenth Amendment procedural due process claim will be denied.

Next, the defendants argue that the plaintiffs' municipal liability claim should be dismissed as the plaintiffs have failed to allege sufficient facts to support their claim. The defendants argue that the plaintiffs have alleged in a conclusory fashion that defendant Hinton acted pursuant to a "specific design, plan and policy to substitute" his own discretion for the criteria required by federal law and City code, ordinances and policy, and that as such, defendant Hinton's activities violated established City policies and legal precedent. The plaintiffs further allege that the defendants' actions were "done pursuant to and consistent with a pattern and practice" of both defendant Hinton and the City of Scranton. The defendants argue that these allegations are insufficient to

support a municipal liability claim.

Again, strikingly similar allegations were set forth in Keller I and the defendants sought to have the municipal liability claim dismissed. There, the court stated,

> There are three (3) instances when the constitutional tort of a municipal employee satisfies the requirements of Monell [v. Dep't of Soc. Servs., 436 U.S. 658 (1978)]. First, a municipality is liable when its employee acts pursuant to formal government policy or standard operating procedure long accepted within the government entity. Second, a municipality is liable for the actions of an employee when the employee has final policy-making authority, rendering his behavior an act of government policy. Finally, a municipality is liable for the actions of its employee when an official with authority has ratified the unconstitutional actions of the subordinate, rendering the action official. None of these three instances are alleged here. First, Plaintiff alleges that [defendants] substituted their own policies and discretion for the policies of Scranton. Second, Plaintiff does not allege that either [defendant] is a final policy-maker for Scranton. Because Plaintiff fails to allege a policy of Scranton caused his injuries, Defendants' motion to dismiss all claims against Scranton will be granted.

Keller I, 2010 WL 2104665, at *3 (citations omitted).

The plaintiffs have made no substantive argument in their opposing brief as to how their allegations establish a municipal liability claim, but essentially argue only that the City failed to follow the law. The allegations made in the instant action are essentially those made in Keller I and the court in that case found the allegations failed to state a claim for municipal liability. So too here,

11

the court finds that the plaintiff's allegations fail to state a claim for municipal liability and will grant the defendants' motion to dismiss the municipal liability claim against the City of Scranton.

Next, the defendants argue that the plaintiffs' request for punitive damages should be dismissed as against the City of Scranton and defendant Hinton in his official capacity. The plaintiff does not challenge this argument and the court finds that it is supported by the law set forth in the defendants' brief. Therefore, any request for punitive damages against the City of Scranton or defendant Hinton in his official capacity will be dismissed.

The defendants also argue, however, that any request for punitive damages against defendant Hinton in his individual capacity should be dismissed. Here, the court does not agree. Punitive damages are available in a §1983 action where a public official acting in an individual capacity displays conduct which is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). For purposes of the instant motion, the court finds that the plaintiffs have alleged sufficient facts to request punitive damages. Whether the plaintiffs can support their request at later stages of this action is yet to be determined. However, at this early stage, the court will allow the request for punitive damages to proceed against defendant Hinton in his individual capacity.

The defendants further argue that the plaintiffs' claims are barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq. However, the PSTCA does not protect state entities from federal claims. See Wade v. City of Pittsburgh, 765 F.2d 405, 407 (3d Cir.1985). As such, the defendants' motion to dismiss will be denied on this basis.

Finally, the defendants argue that the court should dismiss any claims against defendant Hinton based upon qualified immunity. The defendants argue that the court in Keller II granted qualified immunity to the individual defendants noting that the law was unclear whether municipalities were required to conduct a record search to determine whether there had been any intervening changes in property ownership. Even if the finding of Keller II still applies today, which is a matter the court will allow the plaintiff to address on summary judgment, the plaintiff still has remaining a Fourth Amendment claim for which the defendants have not addressed the issue of qualified immunity. Therefore, the defendants' motion to dismiss will be denied to the extent they argue that defendant Hinton is entitled to qualified immunity.

In light of the foregoing, the defendants' motion to dismiss will be granted in part and denied in part. It will be granted as to the municipal liability claim against the City of Scranton and the request for punitive damages against the City of Scranton and defendant Hinton in his official capacity. It will be denied with respect to the plaintiffs' Fourth and Fourteenth Amendment

claims against defendant Hinton in his individual capacity. It will further be denied to the extent the defendants argue that the plaintiffs' claims are barred by the Political Subdivision Tort Claims Act and to the extent the defendants argue that defendant Hinton is entitled to qualified immunity. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 30, 2019**

18-1961-01.wpd